UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| M.Y., et al., | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:09-cv-108-DBH |
| | ) | |
| DANLY, INC., et al., | ) | |
| | ) | |
|     Defendants | ) | |
| and | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
|     Intervenor | ) | |

*************************************************************************

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-308-DBH |
| | ) | |
| DANLY, INC., et al., | ) | |
| | ) | |
|     Defendants | ) | |
| and | ) | |
| | ) | |
| BABAK YAZDANI, et al., | ) | |
| | ) | |
|     Parties in Interest | ) | |

*MEMORANDUM DECISION AND ORDER*
*ON MOTION TO CONTINUE HEARING*

Colony Insurance Company ("Colony"), the intervenor in the underlying personal injury case

of *M.Y., et al. v. Danly, Inc., et al.*, No. 2:09-cv-108-DBH ("*Yazdani*") and the plaintiff in the related

1

insurance declaratory judgment action of *Colony Insurance Company v. Danly, Inc., et al.*, No. 2:10-cv-308-DBH ("*Colony*"), moves to continue the "reasonableness" hearing scheduled to commence on December 6, 2010, in *Yazdani*. *See* Colony Insurance Company's Motion To Enlarge Discovery Deadline and Continue Hearing ("Motion") (Docket No. 165, *Yazdani*; Docket No. 69, *Colony*).[1]

Over the objection of the Yazdani parties, *see* Yazdanis' Response to Colony's Motion To Enlarge Discovery Deadline and Continue Hearing ("Response") (Docket No. 175, *Yazdani*; Docket No. 79, *Colony*) at 1, I grant the motion to continue the hearing pending adjudication of the dispositive motions filed in *Colony*.

While it is true, as the Yazdani parties point out, *see id.* at 2, that I denied a previous request by Colony to postpone the reasonableness hearing, *see* Docket No. 154, *Yazdani*, at 5; Docket No. 47, *Colony*, at 5, I did so without assessing the impact on the reasonableness hearing of the then-unfiled motions for summary judgment in *Colony*, and I expressly noted that my ruling was subject to reconsideration by Judge Hornby, *see id.* Judge Hornby has now referred the instant motion to me, and the motions for summary judgment in *Colony* were fully briefed as of yesterday, allowing me to analyze more fully the merits of the request to continue the reasonableness hearing.

As Colony argues, *see* Reply at 2-3, the pending dispositive motions have the potential to moot the need for that hearing, the subject matter of which is the determination of "whether [the] proposed settlement between Plaintiffs and Defendants is reasonable, in good faith and not the product of collusion[.]" Docket No. 137, *Yazdani*, at 2. The Yazdani and Danly parties' proposed settlement of the Yazdani parties' claims hinges on payment not only by the Danly parties' primary

---

[1] Colony also moved to enlarge the discovery deadline of November 29, 2010, on the basis of then-anticipated potential delays in the taking of the depositions of three of the Danly defendants' former attorneys. *See* Motion at 1, 3. After those depositions proceeded on schedule, Colony withdrew its request to enlarge the discovery deadline. *See* Colony Insurance Company's Reply to Motion to Continue Reasonableness Hearing ("Reply") (Docket No. 176, *Yazdani*) at 1 n.1.

insurance carrier, ACE American Insurance Company, but also by their excess carrier, Colony, the plaintiffs having agreed not to execute against any assets of the defendants beyond their insurance policies and proceeds. *See* Redacted Joint Motion for Entry of Judgment, Dismissal of Certain Claims, and Approval of Settlement on Behalf of Minor Plaintiffs and Request for Hearing ("Joint Motion") (Docket No. 120, *Yazdani*) at 2-4. Colony has moved for summary judgment on both counts of its declaratory judgment action in *Colony*, effectively seeking a declaration that there is no coverage under its excess insurance policy as a result of the assertedly unauthorized settlement reached in *Yazdani*. *See* Colony Insurance Company's Motion for Summary Judgment (Docket No. 51, *Colony*) at 1. As the Yazdanis acknowledge, "if Colony were right (and it is not), and the Defendants' actions after the April 26, 2010 mediation actually 'vitiated' coverage, the Court could solve any such problem by rejecting the parties['] Joint Motion [for entry of judgment in *Yazdani*], and allowing the [*Yazdani*] case to proceed to trial." Yazdanis' Opposition to Colony's Motion for Summary Judgment and Cross Motion for Summary Judgment (Docket No. 58, *Colony*) at 3-4. *See also id*. at 6 n.3 ("[I]t is difficult to understand what Colony proposes to accomplish. If Colony were to succeed in its Motion [for summary judgment], it would only obtain a declaration that, if the Stipulated Judgment were entered, the Defendants would thereby be in breach of contract, whereupon the Defendants would seek Plaintiffs['] consent to withdraw the Joint Motion. Assuming Plaintiffs consented, the pending motions [in *Yazdani*] would be decided and the parties would proceed to trial.").[2]

The grant of the instant motion is consistent with the customary orderly progression of a case in this court: trial (or, in this case, the reasonableness hearing) would be postponed pending

---

[2] By order dated August 10, 2010, Judge Hornby terminated six pending motions in *Yazdani*, including two summary judgment motions, noting that those motions would be reactivated if the court rejected the parties' (*continued on next page*)

adjudication of potentially dispositive issues. As Colony points out, *see* Reply at 3, in similar circumstances, in the case of *Planalto v. Ohio Cas. Ins. Co.*, Civil No. 07-142-P-H, 2009 WL 499008 (D. Me. Feb. 26, 2009) (rec. dec., *aff'd* Apr. 1, 2009), the court granted a motion by a defendant insurer to stay an underlying reach and apply action pending resolution of its then recently filed declaratory judgment action against the plaintiff. *See Planalto*, 2009 WL 499008, at *1-*2. While in *Planalto*, the insurer had only recently filed its declaratory judgment action, *see id.*, Colony filed its declaratory judgment action on July 23, 2010, *see* Docket No. 1, *Colony*, and all pending dispositive motions are now fully briefed, further weighing in favor of the grant of Colony's motion.

Moreover, as Colony points out, there have been unforeseen delays, primarily attributable to difficult but *bona fide* discovery disputes, since August 11, 2010, when the court scheduled the reasonableness hearing. *See, e.g.,* Docket Nos. 139, 144, 150-51, 167, 174, *Yazdani*. Although, as the Yazdani parties observe, *see* Response at 2-3, Colony in effect argued against quick resolution of its declaratory judgment action by urging the court to defer action on the Yazdani parties' motion for judgment on the pleadings in favor of resolution of the issues on a fuller summary judgment record, *see* Docket No. 154, *Yazdani*, at 3; Docket No. 47, *Colony*, at 3, there is no suggestion that this was a bad-faith delay, and the Yazdani parties themselves have actively sought to obtain or participate in the discovery that spawned time-consuming disputes.

Finally, as Colony argues, the scope of the reasonableness hearing has not yet been delineated. *See* Reply at 4-7. It simply is not feasible for the court, by December 6, 2010, to adjudicate the pending dispositive motions in *Colony* and, if the need for a reasonableness hearing is not thereby mooted, delineate its boundaries sufficiently in advance of its occurrence to enable counsel to prepare for it adequately.

---

settlement. *See* Docket No. 138, *Yazdani*.

Further delay in this case is admittedly unfortunate. The Yazdani parties understandably wish to resolve the underlying case, which involves a serious injury to a minor child, as quickly as possible. *See* Response at 4. M.Y. was only nine when he was injured and now is a teenager. *See id*. Yet, as Colony points out, *see* Reply at 3-4, the Yazdani parties claim no prejudice other than the inherent prejudice of delay itself, *see* Response at 4. The equities of Colony's motion, and the interests of a speedy and just resolution of both *Colony* and *Yazdani*, counsel in favor of this comparatively small additional delay.

Accordingly, it is **_ORDERED_** that:

1. The reasonableness hearing in *Yazdani*, currently scheduled to commence on December 6, 2010, be postponed pending the adjudication of the dispositive motions filed in *Colony*.

2. Following that adjudication, the Clerk's Office shall promptly convene a teleconference between the court and counsel to discuss further scheduling in *Yazdani*. Should the need for a reasonableness hearing not be mooted, counsel shall be prepared to discuss the rescheduling of said hearing and its contours, including the nature of the issue(s) to be decided, applicable legal standard(s), witnesses and documentary evidence to be offered, and pre-hearing briefing, if any.

**_SO ORDERED_**.

### _NOTICE_

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 17th day of November, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge